JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIERRE TOWNSEND, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRINDERSON CORPORATION, et al.,<br><br>Defendants. | Case No. CV 14-5320 FMO (RZx)<br><br>**ORDER REMANDING ACTION** |

Having reviewed and considered defendant Brinderson Constructors, Inc.'s[1] ("defendant" or "Brinderson") Notice of Removal ("NOR"), and pursuant to the court's duty to sua sponte establish subject matter jurisdiction over this action, see United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004), the court concludes as follows.

**INTRODUCTION**

On June 3, 2014, plaintiff Kierre Townsend ("plaintiff" or "Townsend") filed a class action complaint in Los Angeles County Superior Court ("state court") against defendants Brinderson, BP America, Inc. ("BP America"), and BP Corporation North America, Inc. ("BP NA") (collectively, "defendants"). (See NOR, Exhibit ("Exh.") A ("Complaint") at ¶ 1). The Complaint asserts five

---

[1] Incorrectly identified in the Complaint as Brinderson Corporation. (See NOR at 1).

claims for relief under California law: (1) failure to provide meal periods, Cal. Labor Code §§ 204, 223, 226.7, 512 & 1198; (2) failure to provide rest periods, Cal. Labor Code §§ 204, 223, 226.7 & 1198; (3) failure to pay hourly and overtime wages, Cal. Lab. Code §§ 223, 510, 1194, 1197 & 1198; (4) failure to timely pay all final wages, Cal. Labor Code §§ 201-203; and (5) unfair competition, Cal. Bus. & Prof. Code §§ 17200, et seq. (See Complaint at ¶¶ 23-89). The Complaint alleges that the individual claims of the purported class members are under $75,000 and that the aggregate claims are under $5,000,000. (Id. at ¶ 3).

On July 8, 2014, Brinderson removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Townsend asserts that federal question jurisdiction exists under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which Townsend argues preempts plaintiff's state-law claims. (See NOR at ¶¶ 7-13). Additionally, Townsend asserts jurisdiction pursuant to CAFA because the action "is a purported class action in which there are more than 100 putative class members, it is between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs." (Id. at ¶ 14).

## **LEGAL STANDARD**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**DISCUSSION**

I. FEDERAL QUESTION JURISDICTION.

"As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). The existence of a federal defense is not enough to justify removal to federal court. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]") (italics in original).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429. However, "[t]he jurisdictional doctrine of complete preemption serves as an exception to the well-pleaded complaint rule." Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003). Complete preemption "arises only in 'extraordinary' situations." Id. at 862. The complete preemption doctrine "provides that, in some instances, the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law." Id. at 861-62 (internal quotation marks omitted). The "proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive[.]" Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 9 n. 5, 123 S.Ct. 2058, 2064 (2003). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430.

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without

>respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a 'mandate . . . to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'" Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209, 105 S.Ct. 1904, 1910 (1985)) (alteration in original). "As a result of this broad federal mandate, . . . the 'preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.'" Burnside, 491 F.3d at 1059 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853 (1983), superseded by statute on other grounds as recognized by Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988)).

To determine if a plaintiff's state-law claim is preempted by § 301, the court engages in a two-step inquiry. See Burnside, 491 F.3d at 1059. First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective-bargaining agreement ("CBA")]. If the right exists solely as a result of the CBA, then the claim is preempted and the court's analysis ends. " Id. To make this determination, the court considers the legal character of a claim as independent of rights under the CBA. See id. at 1060. "A claim brought in state court on the basis of a state-law right that is 'independent of rights under the collective-bargaining agreement,' will not be preempted, even if 'a grievance arising from "precisely the same set of facts" could be pursued.'" Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) (quoting Livadas v. Bradshaw, 512 U.S. 107, 123, 114 S.Ct. 2068, 2078 (1994)). Additionally, "reliance on the CBA as an aspect of a defense is not enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'" Burnside, 491 F.3d at 1060 (quoting Caterpillar, 482 U.S. at 399, 107 S.Ct. at 2433).

Second, if "the right exists independently of the CBA, [the court] must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'"

Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394, 107 S.Ct. at 2431). The court considers "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Id. at 1060 (internal citations omitted) (alteration in original); see Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691-92 (9th Cir. 2001), cert. denied, 534 U.S. 1078 (2002) ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA."). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691. "When the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption." Ward v. Circus Circus Casinos, Inc., 473 F.3d 994, 998 (9th Cir. 2007).

Section "301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship; § 301 has not become a 'mighty oak' that might supply cover to employers from all substantive aspects of state law." Valles, 410 F.3d at 1076 (internal quotation marks and citations omitted). "In particular, the Court has sought to preserve state authority in areas involving minimum labor standards." Id. Therefore, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." Id. Indeed, "§ 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights conferred on individual employees" and "must not be construed to give employers and unions the power to displace state regulatory laws." Id. (internal quotation marks and citations omitted). Where waiver of state rights is permissible under state law, "the CBA must include clear and unmistakable language waiving the covered employee's state right for a court even to consider whether it could be given effect." Id. (internal quotation marks and citations omitted).

Here, Brinderson appears to concede that plaintiff's claims are grounded in state law and do not arise from the CBA. (See, generally, NOR at ¶¶ 5-13). Brinderson contends that these claims are nonetheless "preempted by Section 301 because the Court must analyze and interpret the CBA to determine, inter alia, whether its comprehensive grievance and arbitration provisions

extend to Defendants BP America, Inc. and BP Corporation North America, Inc. (collectively, "BP [d]efendants") despite the fact that the BP Defendants are not themselves parties to the CBA." (NOR at ¶ 12) (internal quotation marks altered). Brinderson's contention is unpersuasive.

      As an initial matter, Brinderson fails to provide any details regarding the BP defendants role in the litigation other than the fact that they did not sign the CBA. (See, generally, NOR). Nor does Brinderson identify which specific provisions of the CBA the court would need to interpret in order to determine if the BP defendants may avail themselves of the CBA's benefits. See Burnside, 491 F.3d at 1059 (noting that preemption exists if court must interpret the CBA); Cramer, 255 F.3d at 692 (explaining that preemption of claim requires "interpretation of a provision of the CBA"). In any event, at most, it appears that the court would need to look at or consult the CBA to determine whether the BP defendants may avail themselves of any of its provisions. This is insufficient to establish complete preemption. See, e.g., Cramer, 255 F.3d at 692 (explaining there is no preemption "simply because the court may have to consult the CBA to evaluate it"); Ward, 473 F.3d at 998 ("When the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption."); Munoz v. Atlantic Express of L.A., Inc., 2012 WL 5349408, *2 (C.D. Cal. 2012) ("[C]ourts have held that when a court would merely have to 'look to' or 'consult' the CBA during litigation of the state claim, no preemption exists.").

      Finally, and most importantly, Brinderson (and presumably the BP defendants) are merely relying upon the CBA to mount its defenses, which is insufficient for preemption purposes. See Dall v. Albertson's Inc., 234 F.App'x 446, 449 (9th Cir. 2007) ("Because [defendants] are looking to the Settlement Agreement's arbitration and release provisions in 'mounting their defenses,' there is no preemption and removal was improper under Caterpillar and Cramer."); Munoz, 2012 WL 5349408, at *5 ("[E]ven if Plaintiff's claims may be subject to the grievance procedure, this argument constitutes a defensive use of the CBA, which, under clearly established law, cannot create a federal question.").

      In short, the court finds that Brinderson has failed to overcome the strong presumption against removal.

## II. CAFA JURISDICTION.

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010). Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2). "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego, 443 F.3d at 685. "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013).

Brinderson contends that minimal diversity exists between the parties, (see NOR at ¶¶ 18-22), that the class size is 2,793 individuals, (see id. at ¶¶ 16-17), and that the amount in controversy exceeds the $5 million threshold under CAFA. (See id. at ¶¶ 23-26). Brinderson, however, fails to substantiate its contention that the amount in controversy exceeds $5 million. (See, generally, NOR at ¶¶ 23-26). Other than providing the number of persons who could make up the class, and an "average hourly rate of $33.33," (see NOR at 24; Declaration of [Brinderson Senior Vice President] Gary Wilson in Support of Defendant Brinderson Constructors, Inc's Notice fo Removal ("Wilson Decl.") at ¶ 3), Brinderson provides no evidence to support its contention. (See, generally, NOR at ¶¶ 23-26; Wilson Decl. at ¶ 3). In short, Brinderson has failed to show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. See, e.g., Ornelas v. Children's Place Retail Stores, Inc., 2013 WL 2468388, *4 (C.D. Cal. 2013) ("Given the strong presumption against removal, the standards applicable to establishing the amount in controversy of this case, and the limited evidence provided by Defendant, jurisdiction has not been shown.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. Defendant's pending motion **(Document No. 11)** is **denied** as moot.

3. The Clerk shall send a certified copy of this Order to the state court.

Dated this 23rd day of July, 2014.

/s/
Fernando M. Olguin
United States District Judge